IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| FRANK PARRISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 320-027 |
| ) | |
| ANTOINE CALDWELL, Warden; COUNTY ) | |
| OF JOHNSON; KENNETH COWEN; ) | |
| DEPARTMENT OF CORRECTION, ) | |
| FNU GIBBONS; GEORGIA MEDICAL ) | |
| COLLEGE CORRECTIONAL HEALTH ) | |
| SERVICES, INC., and JOHN DOES, ) | |
| ) | |
| Defendants.[1] ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

**A.    BACKGROUND**

Plaintiff names as Defendants: (1) Antoine Caldwell, Warden; (2) Kenneth Cowen,

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants in accordance with the caption of this Order, which is consistent with Plaintiff's complaint. (Doc. no. 1, pp. 1, 4, 9-11.) Plaintiff included additional Defendants in the body of his complaint.

Head Physician; (3) Johnson County, Georgia; (4) Georgia Department of Corrections ("GDOC"); (5) FNU Gibbons; (6) Georgia Medical College Correctional Health Services, Inc. ("Georgia Medical College"); and (7) John Does. (Doc. no. 1, pp. 1, 4, 9-11.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

A consent decree, entered by an unidentified court, governs the provision of medical care to JSP inmates by GDOC and Georgia Medical College, and it requires, in part, the hiring of "well-trained" medical staff and thorough mental and physical screenings of all inmates. (Id. at 15.) A court-appointed compliance director oversees implementation of the consent order. (Id.) Presumably before entry of the consent decree, Dr. Cowen reported systemic problems with JSP's provision of health care, including staffing shortages that caused delays in access to care, poor quality of care, and inability to detect health care crises. (Id. at 16.) Warden Caldwell failed to correct shortages in medical staff and the lack of medical treatment plans, and he failed to enact other measures to bring JSP into compliance with the consent decree. (Id. at 8.) Staff turnover contributes to a continuing lack of oversite and poor quality of care. (Id.)

Plaintiff was diagnosed with a brain tumor and pancreatic cancer in Athens-Clarke County, Georgia while awaiting transport to JSP, and at the time of transfer, JSP learned of the diagnoses and received Plaintiff's medical records. (Id. at 12.) Dr. Cowen "refused to utilize" unspecified medical equipment, and failed to order unspecified tests at local hospitals, "to adequately access [sic] the brain tumor or pancreatic cancer." (Id. at 14.) Dr. Cowen "failed to aggressively treat" Plaintiff by failing to (1) prescribe pain medication despite Plaintiff's "constant complaint of pain"; and (2) "run pre-op and post op procedures to see/evaluate whether

2

the treatment was shrinking the tumor or was the purposed preventative treatment successful." (Id.)  With respect to the latter, Plaintiff also alleges Dr. Cowen failed to perform such procedures to evaluate "whether the treatment was shrinking . . . the cancer of pancreas . . . ." (Id. at 5.)  Based on unspecified "information and belief," Plaintiff believes Defendants decided to forego more aggressive cancer treatment options because of pressure from "top officials to provide subpar medical treatment to conserve costs."  (Id.)  Plaintiff's health records at JSP are deficient because of "missing doctor treatment plans [and] assessments of how to proactively treat the cancer."  (Id.)  JSP's inability to respond in a timely manner to medical emergencies injured Plaintiff, and Defendants "knew that [Plaintiff's] medical condition would worsen if he didn't receive prompt medical treatment."  (Id. at 17.)

Unspecified GDOC employees have (1) failed to provide "any corrective management and treatment specific to pancreatic cancer disease"; (2) failed to provide "specialized testing for the brain tumor"; (3) "showed a bias against" treating his pancreatic cancer by suggesting Plaintiff was using the diagnosis to "manipulate the system"; (4) discriminated and retaliated against Plaintiff by "excluding him from treatment programs by subjecting him to discrimination," and denying him timely medical treatment "when it was obvious and apparent he was suffering from his medical conditions"  (Id. at 19-20.)  GDOC medical staff, who are poorly trained, supervised and disciplined, have adopted a custom and policy of deliberately ignoring inmate complaints, including Plaintiff's complaints.  (Id. at 20.)  Prison medical staff have "a known practice of long wait times" for medication, which caused Plaintiff's medications to expire "without any notice."  (Id. at 5.)

The John Doe defendants are medical professionals at JSP who worked under the

supervision of Dr. Cowen.  (Id. at 10.)  Johnson County was responsible for training the John Doe defendants and enforcing proper policies and procedures regarding inmate safety and security.  (Id. at 11.)

Plaintiff concludes by asserting a number of civil rights violations based on the above allegations concerning his medical care at JSP.  (Id. at 16-26.)  For relief, Plaintiff requests compensatory damages in an unknown amount, $5,000,000 in punitive damages, and injunctive relief.  (Id. at 6, 25-26.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants for Allegedly Violating a Consent Order Entered by an Unspecified Court and Other Policies and Procedures

Plaintiff generally alleges Defendants violated a "consent decree" and prison polices and procedures concerning inmate medical services. (Doc. no. 1, pp. 7-26.)  An allegation of non-compliance with a prison or jail regulation by prison and jail officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted.  See Sandin, 515 U.S. at 481-82 (noting many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on

5

inmates); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012).  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants based on any alleged violation of polices and procedures.  Any violation of a consent decree not entered by this Court must be addressed by the issuing court, unless, of course, the allegations of inadequate medical care give rise to an independent civil claim under § 1983, which here they do not as explained below.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need as to Any Defendant

Plaintiff alleges he has received medical treatment at JSP for his pancreatic cancer and brain tumor from Dr. Cowen and other unnamed medical providers, but he never describes the treatment given to him or the additional, more aggressive treatment to which he claims entitlement.  While he is upset with Dr. Cowen for refusing to give him prescription pain medication, Plaintiff never describes the pain from which he suffers or explains why over-the-counter painkillers are insufficient.  Similarly, Plaintiff claims he was excluded from "treatment programs" as a means of discriminating and retaliating against him, but he never describes the programs, explains why he qualifies for them, discusses how those programs would help him, and describes why he believes his exclusion from those programs constitutes discrimination or retaliation. Plaintiff's allegations amount to nothing more "than [] unadorned, the defendant unlawfully-harmed-me accusation[s]," which fail to state a claim.  Iqbal, 556

6

U.S. at 678.

To state a valid claim for medical deliberate indifference, Plaintiff must allege fact sufficient to show: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

7

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Here, the few facts Plaintiff alleges merely establish that he disagrees with Dr. Cowen's professional decisions regarding the proper course of treatment for his pancreatic cancer and brain tumor, as well as whether Plaintiff's pain is sufficiently severe to merit prescription painkillers. Plaintiff's mere difference of opinion over the course of treatment does not state a claim for deliberate indifference, and the medical care afforded prisoners

8

need not be the best possible or even very good. Smith, 375 F. App'x at 910; Harris, 941 F.2d at 1510. Even if the medical care was deficient enough to constitute negligence, which the facts alleged by Plaintiff fail to show, Plaintiff would still fail to state a claim. Campbell, 169 F.3d at 1363-72. Therefore, Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

### 4. Warden Caldwell and Defendant Gibbons Cannot Be Held Liable Based on a Theory of Supervisory Liability

Plaintiff's complaint fails to state a claim against Warden Caldwell and Defendant Gibbons because he is attempting to hold them liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Warden Caldwell and Defendant Gibbons

9

liable, Plaintiff must demonstrate either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Because there is no allegation of personal participation here, Plaintiff must allege a causal connection between Warden Caldwell and Defendant Gibbons and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).

The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff alleges systemic deficiencies in the provision of health care at JSP, and he faults Warden Caldwell and Defendant Gibbons for failing to supervise health care at JSP to

10

ensure compliance with the alleged consent decree and various policies and procedures. (Doc. no. 1, pp. 7-26.) However, as stated in § I.B.2, supra, allegations of non-compliance with prison regulations and an unspecified consent decree are insufficient to give rise to a claim. More importantly, as explained in § I.B.3., supra, Plaintiff has failed to allege facts suggesting the medical care provided to him was constitutionally deficient or that he suffered any injury as a result of any such deficiencies. Hicks v. Moore, 422 F.3d 1246, 1253 (11th Cir. 2005) ("Because we conclude that Plaintiff's constitutional rights were not violated . . . , Plaintiff cannot maintain a [§] 1983 action for supervisory liability . . . for failure to train"). Therefore, Plaintiff fails to state a claim upon which relief can be granted against Warden Caldwell and Defendant Gibbons.

**III.   CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA